UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL STEWART,

     Plaintiff,

v.

THE GARNETTE REPORT LLC AND VINCENT LANE, AN INDIVIDUAL,

     Defendant.

Case No. 1:23-cv-05191-VSB

---

### PLAINTIFF'S COUNTER-STATEMENT AND RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiff Michael Stewart ("*Plaintiff*"), respectfully submits this response to Defendants The Garnette Report LLC ("*TGR*") and Vincent Lane ("*Lane*") (collectively, "*Defendants*")'s Rule 56.1 Statement (*Dkt No.* 43) in connection with Plaintiff's opposition to Defendants' motion for summary judgment.

1. TGR publishes the fashion blog entitled *The Garnette Report* on the website, www.thegarnettereport.com. Declaration of Vincent Lane dated February 2, 2025 ("*Lane Dec*.").

    **PLAINTIFF'S RESPONSE:** Undisputed.

2. On May 2, 2021, TGR published a 2021 fashion-trends article on its non-commercial, fashion blog, *The Garnette Report* that was written by a non-party, Hailey Hinton, who was a then volunteer intern with TGR. She volunteered from January 2021 to May 2021. *Id.*

    **PLAINTIFF'S RESPONSE:** Disputed as to "non-commercial, fashion blog" as a review of the Website shows that Defendants profit from the increased traffic to its Website by way of advertising revenue, and because

1

>Defendants do not pay licensing fees to owners of the content they appropriate for themselves. Stewart Decl. ¶ 27. *See* https://thegarnettereport.com/category/fashion/.

3. All photographs that appeared in the article, which was entitled *The 10 Best Female Celebrities To Get Fashion ("Article")*, were obtained by Ms. Hinton from Pinterest and sourced in the published article accordingly. *Id; ECF Doc. No. 30, 30-2.*

>**PLAINTIFF'S RESPONSE:** Disputed to the extent Paragraph 3 implies that Ms. Hinton selected, posted and/or displayed the Photograph on the Website. TGR, via Lane, in its response to Interrogatory Nos. 6 and 7, identified Lane as the individual who selected the Photograph for use on the Website and the individual who posted and/or displayed the Photograph on the Website. See Resp. to Interrog. No. 6 and 7 annexed to the accompanying Declaration of Renee J. Aragona ("*Aragona Dec.*") as Exhibit A.

4. The Article itself contains no less than 10 photographs depicting 10 different female celebrities displaying differing female garments in different settings; and each of these photos have their descriptions posted below each of the images intended to inspire the readers of the TGR blog. *Id; ECF Doc. No. 30-2.*

>**PLAINTIFF'S RESPONSE:** Disputed. Plaintiff denies that the Article does anything more than list the names of certain female celebrities and display images depicting those celebrities. The Article does not describe or comment on the specific garments worn by the celebrities or depicted in the images, but more generally describes the celebrity's style disconnected from and unrelated to the images. *ECF Doc. No. 30-2.*

5. The objective purpose of the Article was to depict certain 2021 female fashion *trends* from which TGR blog readers can get fashion "inspiration from". Indeed, the very first paragraph of the Article explicitly states:

> "**We look up to celebrities in more ways than one, especially when it comes to style. They are always sporting the newest bags, coolest clothes, and killer shoes. It's no wonder trends come from celebrities almost all of the time**. Fashion photographer Dixie Dixon shares that **it's not uncommon for fashion designers to be inspired by celebrities**, and there are also collaborations that can happen between designers and celebrities for various clothing lines. There have been so many celebrity fashion icons in the past, and **although many clothes they wear are way out of most people's budgets, we can recreate them, and get ideas from them.** *These are the 10 best female celebrities to get fashion inspo from in 2021*." *(Emphasis Added.)*

*Id;* ECF Doc. No. 30-2.

**PLAINTIFF'S RESPONSE:** Disputed. Plaintiff denies that the "objective purpose" of the Article is as described by Defendants in Paragraph 5, but rather Paragraph 5 describes Defendants' "subjective purpose" for creating the Article. Further, it is not the "objective purpose of the Article" that is relevant in analyzing the first fair use factor, but rather it is the objective purpose of the secondary use of the Photograph, compared to the objective purpose of the original use of the Photograph.

6. Moreover, just below the headline of the Article, the photos (used in the Article) are credited to Pinterest where each was taken from by Ms. Hinton. *Id;* ECF Doc. No. 30-2.

**PLAINTIFF'S RESPONSE:** Disputed to the extent Paragraph 6 implies that Ms. Hinton selected, posted and/or displayed the Photograph on the Website. TGR, via Lane, in its response to Interrogatory Nos. 6 and 7, identified Lane as the individual who selected the Photograph for use on the Website and the individual who posted

3

and/or displayed the Photograph on the Website. See Resp. to Interrog. Nos. 6 and 7 annexed to the accompanying Aragona Dec. as Exhibit A.

7. This Article did not make any money, nor was it intended to make money. The site as a whole is just a fashion blog and there is no proof that the Plaintiff's photo ever made a dime. *Id*.

> **PLAINTIFF'S RESPONSE:** Disputed as a review of the Website shows that Defendants earn advertising revenue from the Website, and profit from the Website because Defendants do not pay licensing fees to owners of the content they appropriate for themselves. Stewart Decl. ¶ 27. *See* https://thegarnettereport.com/category/fashion/. Further, in Defendants' Resp. to Production Nos. 23 and 29, Defendants state they have no documents evidencing the licenses that Defendant generally obtained over the last five years, or obtained for the use of any photograph or video posted to the Website over the last three years. See Resp. to Production annexed to the accompanying Aragona Dec. as Exhibit B.

8. Moreover, prior to this lawsuit being filed, Defendants never received any copyright notices from Pinterest so defendants had no idea that the photo at issue was the subject of a copyright. *Id*.

> **PLAINTIFF'S RESPONSE:** Disputed. In Defendants' Resp. to Production No. 32, Defendants refer to the Terms of Use on Pinterest's website located at https://policy.pinterest.com/en/terms-of-service. Said Terms of Use specifically include Pinterest's Copyright Policy and informs its users to respect intellectual property. See Resp. to Production annexed

4

        to the accompanying Aragona Dec. as Exhibit B. Further, Plaintiff disputes that copyright notices must accompany an image before an image can be protected by Copyright law.

9. A true and correct copy of the Article, in its entirety, is annexed as Exhibit 2 to the Amended Complaint. ECF Doc. 30-2.

        **PLAINTIFF'S RESPONSE:** Undisputed.

10. The Article was taken down out of respect to Plaintiff's asserted copyrighted as defendants never intended to violate the Plaintiff's rights. Lane Dec. at 10.

        **PLAINTIFF'S RESPONSE:** Disputed insofar as Defendants undertook no corrective action with regard to the infringing use of the Photograph and continued to display the Photograph in the Article on the Website until at least April 9, 2024, the date of filing of the Amended Complaint. Further, the Photograph was and continues to be stored and is publicly visible at URL: https://thegarnettereport.com/wp-content/uploads/2021/04/inspo10.jpg. Stewart Decl. ¶¶ 22-24.

11. Nonetheless, is it is submitted that the Photograph, which was used as number ten on a trend list of the "best female celebrity" to "get fashion inspo from" in 2021, should be considered fair use under the circumstances. *Id*.

        **PLAINTIFF'S RESPONSE:** Disputed. The Article specifically states "These are the 10 best female celebrities to get fashion inspo from in 2021 (***in no specific order***)" (emphasis added). Further, Plaintiff disputes that Defendants have met their burden of establishing their affirmative defense of fair use by a preponderance of the evidence as a matter of law.

12. On May 26, 2018, Plaintiff authored a photograph of Zoe Kravitz in a white tee shirt and black skirt (the "Photograph"). A copy of the Photograph is attached as Exhibit 1 to the Amended Complaint. ECF Doc. 30; 30-1.

**PLAINTIFF'S RESPONSE:** Undisputed.

13. The Photograph was registered by the USCO on July 2, 2018 under Registration No. VA 2-121-424. ECF Doc. 30.

**PLAINTIFF'S RESPONSE:** Undisputed.

Dated: March 4, 2025

                              **SANDERS LAW GROUP**

                              By: _/s/ Renee J. Aragona_
                              Renee J. Aragona, Esq.
                              333 Earle Ovington Blvd, Suite 402
                              Uniondale, NY
                              Tel: (516) 203-7600
                              Email: raragona@sanderslaw.group
                              *Attorneys for Plaintiff*